UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEMETREUS LOGAN, | ) | CASE NO. 1:09 CV 835 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Demetreus Logan filed this action under 42 U.S.C. § 1983 against the City of Cleveland, the City of Euclid, the City of Strongsville, the City of Middleburg Heights, the City of Brook Park, the City of Bratenahl, the City of Lindale, the City of Berea, John Doe Municipality No. 1, John Doe Municipality No. 2, John Does 1 through 10, and Officer Yasenchack.  In the complaint, plaintiff alleges that the defendants used excessive force to secure his arrest.  He seeks monetary damages.

**Background**

Mr. Logan admits that on August 17, 2007, he led officers from ten municipalities on a high speed chase through Cuyahoga County trying to evade capture.  He states he stopped his vehicle on Interstate 90 at the exit for E. 260th Street in Euclid, Ohio.  He indicates he exited his vehicle and surrendered.  He claims he dropped to his knees and placed his hands over his head.

He alleges one of the police officers "rammed his knee into the Plaintiff's back with such force as to cause the Plaintiff immediate and severe pain." (Compl. at 6.)  He contends other officers joined in the assault.  He claims it stopped only when a supervisor intervened.  Mr. Logan asserts the defendants used excessive force to secure his arrest.

### Analysis

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an <u>in forma pauperis</u> action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Mr. Logan names numerous municipalities as defendants.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a <u>respondeat</u> <u>superior</u> theory of liability. See <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id</u>.

---

[1]    An <u>in forma pauperis</u> claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999).  Mr. Logan states that the Cities of Cleveland, Euclid, Strongsville, Middleburg Heights, Brook Park, Bratenahl, Lindale, Berea, or Unknow Municipalities ##1 and 2 violated his constitutional rights:

> because of their policies and customs and deficiencies in their training, supervision, and recruitment which have allowed and fostered brutality committed against the Plaintiff and which has become a *de facto* sanction of such brutality by the Defendant Municipalities because of their failure to enforce laws, rules, and discipline against police officers who commit such brutality.

(Compl. at 9.)  This recitation of the elements of a <u>respondeat superior</u> claim is insufficient to state a claim upon which relief may be granted against these Municipalities.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949 (2009).   The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Id. Mr. Logan provides no facts to suggest what policies each of these municipalities may have had that resulted in the alleged deprivation of his constitutional rights.

Moreover, Mr. Logan suggests that the supervisors of the officers involved in his arrest failed to properly train or supervised their employees.  The liability of supervisors cannot be based solely on the right to control employees, <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir.

1984) or "simple awareness of employees' misconduct."  Id. at 421.  Furthermore, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id.  There are no facts in the complaint which suggest the supervisors were aware of the incident and knowingly approved or authorized the behavior.

The remaining defendants are the unknown police officers from unknown municipalities and Officer Yasenchack.  Mr. Logan claims some of these officers assaulted him after his arrest.  Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate these specific defendants to the claims set forth in the complaint.  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the particular defendant is liable for the misconduct alleged. Id.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id.  There are no

-4-

facts which connect a specific defendant to the actions alleged in the complaint.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE


August 10, 2009

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-5-